**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 18, 2020
Date Decided: October 8, 2020

Andrew C. Durham, *pro se*
4805 Randolph Drive
Annandale, VA 22003

John G. Harris, Esquire
Berger Harris LLP
1105 N. Market Street, 11th Floor
Wilmington, DE 19801

Re:  *Durham v. Grapetree, LLC*, Civil Action No. 2018-0174-SG

Dear Litigants:

In this statutory books and records action, the Plaintiff, Andrew Durham, seeks numerous records from defendant Grapetree, LLC ("Grapetree" or the "LLC"). The matter was remanded to me from appeal to the Supreme Court "to address the basis for [my] recognition and review of only two of the five demand letters attached to the Complaint." [1]  That basis is simple, if embarrassing: the multiple demands in this matter were attached to the Complaint in such a way that I overlooked several.  These overlooked timely demands were also accompanied by untimely demands on the LLC by the Plaintiff (who is appearing pro se), made in the course of this litigation. In separating wheat from chaff considerable grain was, unfortunately, inappropriately winnowed away.  The Remand Order permitted me

---

[1] *See* Order, *Durham v. Grapetree, LLC*, Case No. 343, 2019, Dkt. No. 36 at *9.

to consider any timely but overlooked demands on remand, as well as revisit a fee-shifting order to the extent such consideration made it appropriate to do so.[2] I have done both, as set out below.

This Letter Opinion considers solely those statutory demands made on Grapetree that were submitted, but not considered, in my previous opinion of January 31, 2019.[3] On remand, Grapetree presented no defense to the Plaintiff's demands. I have independently found a proper purpose—to investigate Grapetree's value and the failure of its rental business. Accordingly, all books and records demanded on March 6, 2018[4] shall be produced to the extent that they exist as books and records of Grapetree. Grapetree is to interpret requests for "information" or "explanations" as requests for books and records.

The Plaintiff having prevailed, I also revisit my Letter Decision of June 4, 2019[5] and Order of July 8, 2019 on fee-shifting.[6] In that Decision, I granted fee-shifting pursuant to Grapetree's LLC Operating Agreement. The Operating Agreement provides:

> In the event that any Member (hereinafter, a "Claiming Member")
> asserts or initiates any action, suit or proceeding, whether of a civil or

---

[2] *Id.*
[3] *See* Mem. Op., Dkt. No. 34.
[4] Pl.'s Letter, Ex. G, Dkt. No. 64. The Plaintiff conceded at oral argument that all other demands not previously considered in my Opinion of January 31, 2019 are included in and superseded by this demand.
[5] *See* Letter Op., Dkt. No. 43.
[6] *See* Order, Dkt. No. 53.

criminal nature, against the Company and/or any Managing Member …
and the Claiming Member does not obtain a judgment on the merits that
substantially achieves, in substance and amount, the full remedy
sought, the Claiming Member shall be obligated to reimburse the
Company . . . for all fees, costs, and expense of every kind and
description (including, but not limited to, all reasonable attorneys' fees
and other [] litigation expenses) that the [Company] may incur in
connection with such action, suit or proceeding.[7]

At the time I granted Grapetree's Motion for Attorney's Fees and Costs, the

bulk of the Plaintiff's requests had been unsuccessful. On remand, the calculus has

changed. Most of the Plaintiff's requests have been granted. Therefore, my previous

Decision of June 4, 2019 is withdrawn and my subsequent Order of July 8, 2019 is

vacated. Each side shall bear its own fees.

To the extent the foregoing requires an Order to take effect, IT IS SO

ORDERED.

This concludes all matters submitted for action on Remand.


Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[7] Grapetree, LLC's Trial Br. in Opp'n to Pl.'s Compl. to Compel Inspection of Books and Records, Ex. C ¶ 14, Dkt. No. 23.